

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-16-00108-CR

---

TODD OKEITH SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 276th District Court
Marion County, Texas
Trial Court No. F-14488

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Pursuant to a negotiated plea agreement, Todd Okeith Smith pled guilty to possession of less than one gram of a controlled substance and pled true to the State's enhancement allegations. In accordance with the terms of the plea agreement, Smith was placed on deferred adjudication community supervision for ten years and was ordered to pay a $7,500.00 fine and $180.00 in restitution. Subsequently, Smith pled true to at least one of the State's allegations that he had violated the terms and conditions of his deferred adjudication community supervision.[1] Consequently, the trial court revoked Smith's community supervision, adjudicated him guilty of possession of less than one gram of a controlled substance, and sentenced him to fifteen years' imprisonment. Smith appeals from the trial court's decision to adjudicate his guilt.

Smith's court-appointed appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the course of the trial court proceedings, and stated that he found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

---

[1]"A plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt." *Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015).

On July 1, 2016, counsel mailed to Smith a letter attaching a copy of the brief, the appellate record, and the motion to withdraw. By letter, counsel informed Smith of his right to review the record and file a pro se response, and Smith timely filed a pro se response in which he (1) states he was unaware that he had court-appointed counsel on appeal until he received the July 1 letter, (2) complains that counsel had already filed a motion to withdraw in this Court, (3) argues that, because counsel previously prosecuted him for a crime in 2004, counsel could not represent him on appeal, (4) states that he was "confused" about the plea agreement, (5) claims he was unaware of the nature of the adjudication proceeding, (6) states he was told by his trial counsel that a plea of true could also lead the trial court to consider continuing him on community supervision, and (7) questions why the trial court considered prior bad acts for which he was not indicted in assessing his sentence. Our review of the record leads us to conclude that the arguments raised by Smith in his pro se response are unmeritorious.

We do note, however, that the trial court's judgment in this case mistakenly indicates that the degree of the offense of conviction is a second degree felony. The offense of possession of less than one gram of a controlled substance is a state jail felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010). The punishment range, not the degree of offense, was correctly enhanced to that of a second degree felony. *See* TEX. PENAL CODE ANN. § 12.425(b) (West Supp. 2016). This Court has the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607 (Tex. Crim. App. 1992). In *Asberry v. State*, 813 S.W.2d 526 (Tex. App.—Dallas 1991, pet. ref'd), the court noted that the authority of the appellate court to modify incorrect judgments is not

3

dependent on the request of any party; the appellate court may act sua sponte. *Id.* at 529–30. Rule 43.2 of the Texas Rules of Appellate Procedure provides direct authority for this Court to modify the judgment of the trial court. TEX. R. APP. P. 43.2. Thus, we must modify the judgment to reflect the correct degree of offense as that of a state jail felony, not a second degree felony.

We have independently reviewed the entire appellate record, as well as Smith's pro se brief, and find that no reversible error exists. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We modify the trial court's judgment to reflect that the offense of conviction is a state jail felony and affirm the trial court's judgment, as modified.[2]

Ralph K. Burgess
Justice

Date Submitted:     September 12, 2016
Date Decided:       November 16, 2016

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.